# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8989 PA (SKx) | Date | October 23, 2018 |
|---|---|---|---|
| Title | Guadalupe Olay v. David Stevens et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant Stifel, Nicolaus & Co., Inc. ("Removing Defendant"). In its Notice of Removal, Removing Defendant asserts that this Court has jurisdiction over the action brought against it and co-defendants David Stevens and A.G. Edwards by plaintiff Guadalupe Olay ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8989 PA (SKx) | Date | October 23, 2018 |
|---|---|---|---|
| Title | Guadalupe Olay v. David Stevens et al. | | |

    In support of its allegations that the Court possesses diversity jurisdiction, the Notice of Removal alleges: "Stifel is informed and believes that at the time of the filing of the Complaint and this Notice of Removal, Plaintiff was and is domiciled in Mexico." (Notice of Removal ¶ 14.) Removing Defendant also alleges on information and belief that co-defendant David Stevens is domiciled in California and co-defendant A.G. Edwards "is no longer incorporated or doing business as it was acquired in 2008." (Id. ¶¶ 16–17.) The Notice of Removal's allegations, alleged on information and belief, are insufficient to establish the citizenship of Plaintiff, Mr. Stevens, or A.G. Edwards for purposes of the Court's diversity jurisdiction. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Removing Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction. Accordingly, this Court remands this action to Ventura County Superior Court, Case No. 56-02018-00509166-CU-VTA, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.